## UNITED STATES v. LAWRENCE STERN & CO. et al.

### No. 5707.

Circuit Court of Appeals, Seventh Circuit.

March 25, 1937.

Rehearing Denied May 10, 1937.

Sewall Key, John MacC. Hudson, and S. E. Blackham, Sp. Assts. to Atty. Gen., and Michael L. Igoe, U. S. Atty., of Chicago, Ill., for appellant.

A. J. Pflaum, Harry N. Wyatt, D. H. Mann, and W. R. Arrington, all of Chicago, Ill., for appellees.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

This appeal presents the question stated in Founders General Corporation v. Hoey and two other cases, 300 U.S. 268, 57 S.Ct. 457, 458, 81 L.Ed. ——, decided by the Supreme Court March 1, 1937: "When, at the instance of one entitled to receive stock, the certificates therefor are, at his request and for his convenience, issued by the corporation in the name of a nominee who receives no beneficial interest therein, does the transaction involve a transfer by the beneficial owner requiring a documentary stamp pursuant to section 800, Schedule A (3) of the Revenue Act of 1926, February 26, 1926, c. 27, Title VIII, 44 Stat. 99, 101." The Court there held that such transaction was a taxable one.

Appellees here urge that their case is to be distinguished from the cases considered by the Supreme Court in that not only did their nominees never have any beneficial title to the securities issued in their names, but in addition, they never even had possession of them at any time. The certificates were still in the possession of the transfer agent when the nominees indorsed them in blank, and the trial court specifically found that the delivery by the transfer agent to the taxpayer was the original issuance of the stock. The arrangement in the Founders Corporation Case was similar. There the taxpayer had the corporation in whose securities it was dealing issue those securities in the name of a nominee, but delivery of the certificates was directly to the taxpayer, which held the power of attorney of its nominee to sell, assign, indorse, transfer and deliver the securities. See Founders General Corporation v. Hoey (C.C.A.) 84 F.(2d) 976, at page 977. We see no distinction between those facts and the facts of the case at bar, and since the transaction was held taxable in the Founders Case, it must be equally taxable in the case at bar.

Judgment reversed, and the cause remanded with instructions to enter judgment for appellant.